```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF PENNSYLVANIA

JUAN PEREZ CUEVAS,           : CIVIL ACTION NO. 1:01-1008
      Petitioner             : (RAMBO, J.)
      v.                     : (MANNION, M.J.)
PIKE COUNTY JAIL,            :
      Respondent             :
```

O R D E R

On June 6, 2001, the petitioner, an inmate at the Pike County Jail, filed this action, in which he claims that his detention at the Pike County Jail has not "[complied] with the INS detention standards." Because of this, the petitioner alleges that he filed a grievance, which led to "a hostil (sic) position [being taken] against [him]", including harassment and verbal abuse. The petitioner also raises various other challenges to the conditions of his confinement. (Doc. No. 1).

Also on June 6, 2001, the petitioner filed an application to proceed in forma pauperis. (Doc. No. 2).

Upon review, although the petitioner filed this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, he has requested no form of habeas corpus relief. In fact, it would appear from the plaintiff's allegations and his requested relief that the petitioner may have intended to bring this as a civil rights action. However, as a civil rights action, the complaint is insufficient. Initially, the Pike County Jail is not a proper

1

defendant to a civil rights action[1]. See <u>Powell v. Cook County Jail</u>, 814 F.Supp 757 (N.D.Ill. 1993); <u>Brooks v. Pembroke City Jail</u>, 722 F.Supp 1294 (E.D.N.Y. 1989); and <u>Mitchell v. Chester County Farms Prison</u>, 426 F.Supp. 271 (D.C.Pa. 1976)). In addition, liability under § 1983 is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or of actual knowledge and acquiescence. <u>Rhode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988). Here, although it is clear that the plaintiff is attempting to set forth various civil rights claims, he has failed to name any individual(s) involved in the alleged violation(s) of his constitutional rights.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** within twenty (20) days of the date of this order, the petitioner is directed to inform the court as to whether he intended to bring this action as a habeas corpus action or as a civil rights action;

**(2)** if the petitioner did intend to bring this action as a petition for writ of habeas corpus, he is directed to file with the court an amended habeas corpus petition;

**(3)** any amended petition shall be complete in and of itself, and shall set forth the specific habeas corpus relief being requested;

**(4)** if the petitioner actually intended to bring this

---

[1] It should be noted that pursuant to 28 U.S.C. § 2243 the Pike County Jail is also not the proper respondent for a habeas corpus action.

2

action as a civil rights action, the petitioner is directed to complete and file the appropriate form designated for prisoners filing a civil rights action;

**(5)** any civil rights complaint filed by the petitioner is to be complete in and of itself, shall name proper defendants and shall set forth specific allegations against each of the named defendants;

**(6)** the petitioner is advised that, if he intends to bring this action as a civil rights action, he is required to complete and file with the court the appropriate application to proceed <u>in forma pauperis</u> and authorization forms;

**(7)** the clerk's office is directed to serve the plaintiff with the appropriate application to proceed <u>in forma pauperis</u> and authorization forms, as well as the appropriate form designated for prisoners filing a civil rights action; and

**(8)** the petitioner is advised that his failure to file the above information within the specified period of time will result in a recommendation that his petition be dismissed.

                                                MALACHY E. MANNION
                                                United States Magistrate Judge

Date: June 14, 2001

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

June 14, 2001

Re:  1:01-cv-01008    Cuevas v. Pike County Jail

True and correct copies of the attached were mailed by the clerk to the following:

Juan Perez Cuevas
CTY-PIKE
Pike County Jail
HC8, Box 8600
Hawley, PA  18428

cc:
Judge                            ( )              ( ) Pro Se Law Clerk
Magistrate Judge                 ( )              ( ) INS
U.S. Marshal                     ( )              ( ) Jury Clerk
Probation                        ( )
U.S. Attorney                    ( )
Atty. for Deft.                  ( )
Defendant                        ( )
Warden                           ( )
Bureau of Prisons                ( )
Ct Reporter                      ( )
Ctroom Deputy                    ( )
Orig-Security                    ( )
Federal Public Defender          ( )
Summons Issued                   ( ) with N/C attached to complt. and served by:
                                     U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5              ( )
Order to Show Cause              ( ) with Petition attached & mailed certified mail
                                     to:  US Atty Gen  ( )   PA Atty Gen ( )
                                          DA of County ( )   Respondents ( )
Bankruptcy Court                 ( )
Other_____           ( )

MARY E. D'ANDREA, Clerk

DATE: 6-14-01                    BY: _____
                                     Deputy Clerk